FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 10 2021

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MUHAMMAD KHAN,
*an individual*,

Plaintiff,

v.

No. 3:21-CV-00236-DPM

THE GREENBRIER COMPANIES, INC.,
*an Oregon Corporation,* and
GREENBRIER CENTRAL, LLC,
*an Oregon Limited Liability Company*,

Defendants.

**JURY DEMANDED**

This case assigned to District Judge Marshall
and to Magistrate Judge Harris

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, Muhammad Khan ("Plaintiff") by and through counsel, and brings this action against his employer, Defendants The Greenbrier Companies, Inc. and Greenbrier Central, LLC (together, "Greenbrier" or "Defendants") for violations of Title VII of the Civil Rights Act of 1964, the American with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff was discriminated against, harassed, retaliated against, and subjected to a hostile work environment because of his race, color, religion, national origin, age, disability, and complaints made for said discrimination and harassment.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 2000e *et. seq.*, 42 U.S.C. §12101 *et. seq.*, 29 U.S.C. §621 *et. seq.*, and pursuant to 28 U.S.C. §§ 1331 and 1343(4). Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding his claims herein. Plaintiff received his Notice of Right to Sue from the

EEOC and has exhausted his administrative remedies through the EEOC. Accordingly, Plaintiff has complied with the 90-day filing requirements by timely filing this Complaint.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District and Plaintiff was employed by Defendants in this District. In addition, the events, commissions, inactions, and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

3.     Plaintiff was, and is, employed by and worked for Defendants in this District at Defendants' Marmaduke, Arkansas facility. Additionally, Defendants have employed him as a welder and a member of the Furnace Department.

4.     Defendant, The Greenbrier Companies, Inc., is an Oregon corporation with its principal offices at One Centerpointe Dr. Ste. 200, Lake Oswego, Oregon 97035. According to its website, Defendant is "a leading international supplier of equipment and services to the freight rail transportation markets." Defendant The Greenbrier Companies, Inc. may be served via its registered agent: TT Administrative Services, LLC at 1600 Pioneer Tower, 888 SW Fifth Ave., Portland, Oregon 97204.

5.     Defendant, Greenbrier Central, LLC, is an Oregon limited liability company with its principal offices at One Centerpointe Dr. Ste. 200, Lake Oswego, Oregon 97035. Defendant Greenbrier Central, LLC, may be served via its registered agent: Corporation Service Company at 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

## FACTUAL BACKGROUND

6.     Plaintiff is a 57-year-old dual citizen of the United States and Pakistan. Plaintiff's religious affiliation is Muslim. Plaintiff became employed by Greenbrier in 2017 as a welder.

2

Plaintiff worked as a welder for a few months and was transferred to the Furnace Department. Plaintiff's supervisor Robert Wallis is a Caucasian male, and his Lead/Group Leader, Steven Summer, is also a Caucasian male.

7. While working as a welder, Plaintiff applied for a Main Mill Operator position and was selected for that position. However, Plaintiff's supervisors never trained him for this position and ultimately retracted their offer and, instead, transferred him to the Furnace Department, which is a more difficult position for the same pay.

8. Plaintiff has now been moved back to the Mill Area but not as a Main Mill Operator.

9. Upon information and belief, Plaintiff was put in the Furnace Department because his supervisors wanted him to work late hours until all other employees had left the facility. As a result, Plaintiff was often left alone in unsafe working conditions until late at night. After complaining about this disparate treatment Plaintiff was told his shifts would be rotated by his superintendent, Jessie Everett, but this never happened, and he continued to be required to work longer hours in unsafe conditions.

10. Plaintiff was continually bullied and harassed while eating lunch and breakfast in the breakroom to the point that he now spends these mealtimes in his work area. Plaintiff has been called "bomb maker" and other discriminatory names and told he looks like a person who "blew up things, buildings, or houses." For example, when offering to share his food with his supervisors and co-workers, he was asked if he "put a bomb in his food." These comments were made due to Plaintiff being Pakistani and Muslim. Plaintiff reported these incidents to HR in accordance with Defendants' policies, but no corrective action was taken.

11. Plaintiff has made Defendants aware that he has a few disabilities (permanently twisted hands and fingers). However, Plaintiff can complete and has completed all his work in a timely


manner. Yet, despite being aware of these disabilities, Plaintiff's supervisors added additional duties to Plaintiff's workload when no other employees were given extra responsibilities. Plaintiff has complained about this disparate treatment, but no corrective action has ever been taken.

12. On numerous occasions, Plaintiff has been given faulty parts to work with, which could hurt or even cause severe injury or death, all in potential violation of OSHA. This treatment was due to Plaintiff being Pakistani and Muslim. Plaintiff complained about these safety issues, but no corrective action was ever taken.

13. For example, on multiple occasions, Plaintiff was put in the position where he had to walk under a forty-plus feet long, approximately one hundred-thousand-pound railcar which was lifted by an overhead crane. Per OSHA safety regulations, no one is to pass under a hanging weight (even if it is fifty pounds or less); however, Plaintiff was repeatedly instructed to do so instead of being supplied with the proper equipment (i.e., crane straps). Plaintiff complained to supervisors and HR that the crane straps he was supplied with had eroded and frayed and needed to be replaced. Despite showing the damaged straps to his supervisor, no corrective action was ever taken. To Plaintiff's knowledge, no other employees have been put in this situation.

14. Whenever Plaintiff saw a violation of company policy, he would notify HR and his senior supervisors. Plaintiff would be told it was "none of his business" and that they had "nothing to do with it." According to Defendants' policy and posted notice, employees are encouraged to bring any wrongdoings or safety issues to management. However, this was not the case with Plaintiff. Defendants instead attempted to quiet Plaintiff and treated him differently than other employee. This treatment of Plaintiff was made due to him being Pakistani and Muslim.

15. On numerous occasions, Plaintiff was singled out and harassed due to his being Pakistani

and Muslim for how he parked his car in the company parking lot. Plaintiff was repeatedly told he parked his vehicle incorrectly and was instructed to move it by his supervisor. Plaintiff could not discern what he was doing incorrectly as his car was parked in line with other employee vehicles. This took place so often that Plaintiff felt he could no longer park in the company parking lot. As a result, Plaintiff has been forced to park his car in an adjacent, noncompany, parking lot and walk to Defendants' facility. No other employees were treated this way, and after Plaintiff complained to HR numerous times, no corrective action was taken.

16. On or around the beginning of July 2020, Plaintiff sent a letter to HR complaining about all of the aforementioned harassment, disparate treatment, and discrimination, including the harassment from his Supervisor, Robert Wallis, who threatened to "whoop [Plaintiff's] ass." Unfortunately, HR took no steps to correct any of this abusive behavior.

17. On December 14, 2020, Plaintiff complained that Lead/Group Leader Steven Summer singled out, harassed, and discriminated against him. When Plaintiff told his supervisor about this and other incidents in the past, his supervisor defended Summer and accused Plaintiff of performing his salat prayers during company time. Plaintiff maintains he has performed his salat prayers during his break time or in the morning before his shift begins at all times during his employment. As a Muslim, these prayers are a significant part of his life. Additionally, these prayers are protected religious activity.

18. In addition to being accused of performing prayers during company time, Plaintiff is continually singled out and harassed while performing his prayers. This abuse is so severe that it has risen to the level that Plaintiff must now perform his prayers in the bathroom on the floor so that others will not verbally abuse him. Plaintiff reported this abuse to HR, and no corrective action was ever taken.

19. Taken together, Plaintiff's continued subjection to such repeated discriminatory and harassing conduct that it has given rise to a hostile work environment. Plaintiff has established that (1) he is a member of a protected class, (2) he has been subjected to sustained harassment based on his race, color, religion, national origin, age, and disability, (3) this harassment was due to his belonging to these protected classes, and (4) this harassment has adversely affected the conditions of his employment. Further, Plaintiff has repeatedly brought this harassment to the attention of those in supervisory roles for Defendants, and those individuals failed to take any appropriate remedial action. *See Langel v. Ark. Found. for Med. Care,* No. 4:17-cv-00496 KGB, 2021 U.S. Dist. LEXIS 167141, at *30 (E.D. Ark. Sep. 2, 2021).

20. Plaintiff was discriminated against, harassed, retaliated against, and subjected to a hostile work environment because of his race, color, religion, national origin, age, disability, and complaints made for said discrimination and harassment by the company in violation of Title VII, the ADA, and the ADEA.

## CAUSES OF ACTION
### I. VIOLATION OF THE ADA, 42 U.S.C. §12101, *et. seq.*

21. Plaintiff re-alleges and incorporates by reference all allegations set forth in the paragraphs above.

22. Through their agents, servants, and employees, Defendants' actions of discriminating against Plaintiff based on his actual and/or perceived disabilities and/or record of impairment, retaliatory conduct, and failing to provide reasonable accommodation for his disability constituted violations of the ADA.

23. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## II. VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.*

24. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein and alleges that:

25. Defendants' aforementioned actions constitute unlawful discrimination, retaliation, and a hostile work environment based on race, color, religion, and national origin in violation of 42 U.S.C. § 2000e, *et seq*.

26. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct toward Plaintiff based on his race, color, religion, and/or national origin, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

27. Plaintiff, as a result of Defendants' actions, has suffered damages to his career and reputation.

28. Defendants' discriminatory and retaliatory actions and creation of a hostile work environment have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress.

29. Defendants' unlawful actions complained of herein were intentional, malicious, and taken with reckless disregard to Plaintiff's statutory rights.

## III. VIOLATION OF THE ADEA, 29 U.S.C. § 621 *et. seq.*

30. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein and alleges that:

31. At all relevant times, Defendants were an "employer" within the meaning of the ADEA.

32. As outlined above, Defendants violated the ADEA when they discriminated against Plaintiff because of his age by subjecting him to repeated harassment, disparate treatment, and retaliation.

33. Plaintiff has been over 40 years old at all time relevant times.

34. Age was a determining factor in Defendants' decisions not to remedy the harassment, disparate treatment, and retaliation Plaintiff has been subject to that no employee under 40 years of age has suffered.

35. Defendants engaged in a discriminatory practice that limits or deprives individuals of equal employment opportunities based on their age.

36. As a direct and proximate result of Defendants' discriminatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income compensation.

37. Plaintiff, as a result of Defendants' actions, has suffered damages to his career and reputation.

38. Defendants' discriminatory and retaliatory actions have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress

39. Plaintiff is entitled to liquidated damages for Defendants' willful discriminatory conduct.

40. Plaintiff is entitled to recover an award of reasonable attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor on this Complaint and:

  a. That Plaintiff be awarded back pay, lost benefits, and other pecuniary damages proximately caused by Defendants' unlawful conduct;

  b. That Plaintiff be awarded compensatory damages against Defendants in an amount to be determined by the jury;

c. That Plaintiff be allowed to amend his Complaint to include ripe causes of action and new causes of action discovered during the course of this litigation relating to Plaintiff's employment with Defendants;

d. That Plaintiff be awarded punitive damages against Defendants in an amount to be determined by the jury;

e. That Plaintiff be awarded all costs, disbursements, expert witness fees, and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 2000e *et. seq.*, 42 U.S.C. § 12101 *et. seq.*, and 29 U.S.C. 621 *et. seq.*

g. That Plaintiff be awarded pre- and post-judgment interest and court costs as further allowed by law;

h. That Plaintiff be awarded additional general and equitable relief to which Plaintiff may be entitled; and,

j. Provide further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: November 10, 2021.                     Respectfully Submitted,

*[signature]*

J. Russ Bryant (TN BPR #033830)
Robert E. Turner, IV (TN BPR #35364)
B. Alan Matthews (TN BPR #37828)*
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*amatthews@jsyc.com*

*\*Admission Anticipated*

*Attorneys for Plaintiff*